UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-80674-MARRA/MATTHEWMAN
(16-CR-80071-MARRA)

CHRISTOPHER MASSENA,

       Movant,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Introduction

This matter is before the Court on Movant, Christopher Massena's ("Movant") *pro se* Motion to Vacate ("Motion"), filed pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his convictions and sentences for distribution of a detectable amount of fentanyl resulting in death and related offenses, entered following a finding of guilt in case no. 16-CR-80071-MARRA. For the reasons set forth in this report, the instant Motion should be dismissed as untimely.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. *See* Cv-DEs 2, 13.

Before the Court for review are Movant's § 2255 Motion [Cv-DE 7], the Government's response [Cv-DE 10], and all pertinent portions of the underlying criminal file.

## II. Procedural History

Briefly, on June 6, 2016, Movant was charged by Superseding Indictment with distribution of a controlled substance, namely a mixture and substance containing a detectable amount of fentanyl resulting in death (Count One); distribution of a controlled substance, namely a mixture and substance containing a detectable amount of heroin (Counts Two through Five); and possession with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of heroin (Count Six). [Cr-DE26].

On August 1, 2016, Movant pled guilty to Counts Two through Six. [Cr-DE 45]. The next day, he proceeded to a jury trial as to Count One, where he was ultimately found guilty. [Cr-DE 54]. On December 5, 2016, Movant was sentenced to 360 months' imprisonment as to Count One, and 240 months' imprisonment as to Counts Two through Six, to be served concurrently, and to be followed by three years of supervised release. [Cr-DE 67]. Movant prosecuted a direct appeal, and on December 15, 2017, the Eleventh Circuit Court of Appeals affirmed Movant's judgment of conviction in a written opinion. *See United States v. Massena*, 719 F. App'x 884 (11th Cir. 2017).

No petition for certiorari review was filed with the United States Supreme Court. Movant's judgment of conviction therefore became final, for purposes of the federal one-year limitations period, on **March 15, 2018,** when the ninety-day period for seeking certiorari review with the U.S. Supreme Court expired following conclusion of Movant's direct appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1986); *Close v. United States*, 336 F.3d 1283 (11th Cir. 2013).

Thus, Movant had one year from the time his judgment became final on **March 15, 2018,** or no later than **March 15, 2019,** within which to timely file this § 2255 challenging this initial judgment of conviction. *See Griffith,* 479 U.S. at 321, n.6; *Downs v. McNeil,* 520 F.3d 1311, 1318

2

(11th Cir. 2008) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)) (the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run).

On May 14, 2019, Movant filed a motion for extension of time to file a § 2255 motion, where he generally alleged that he needed more time to file a § 2255 motion because he was on lockdown at his prison of confinement. [Cv-DE 1, p. 2]. The Court then issued a Report and Recommendation, recommending that the motion be denied without prejudice because the Court lacked jurisdiction to consider the timeliness of a § 2255 motion until a motion to vacate was actually filed. [Cv-DE 4, p. 4]. That Report and Recommendation was adopted by the District Court, and the case was closed. [Cv-DE 5].

Movant then returned to this Court on October 29, 2019,[1] filing a "Beseeching Prayer for Relief with 'Clean Hands and Good Faith' Upon Which Relief Can Be Granted," which he labels as a § 2255 motion. [Cv-DE 7, p. 35]. The District Court then reopened the case and referred the § 2255 motion to United States Magistrate Judge Lisette M. Reid for a report and recommendation.

---

[1]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

Here, Movant's motion was signed on August 25, 2019. [Cv-DE 7, p. 29]. However, as will be discussed below, Movant also attached various documents dated from October 2019, months after the motion was signed. *Id*. at pp. 31-33. The mail stamp also shows that it was mailed on October 29, 2019. *Id*. at p. 35. As such, for purposes of this Report and Recommendation, the Court considers October 29, 2019, to be the operative filing date in this case. Nevertheless, as will be demonstrated below, Movant's motion is untimely when using either filing date.

3

[Cv-DE 8]. The referral was then reassigned to the undersigned when Judge Reid entered an Order of Recusal. [Cv-DE 13].

### III.  Discussion-Timeliness

A.  <u>Applicable Law</u>

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a time limitation for a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), as amended April 24, 1996, a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

(1)    The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2)    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3)    The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. §2255(f). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the movant. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

4

B.  Statutory Tolling

To be considered timely, pursuant to § 2255(f)(1), Movant should have filed this proceeding within a year of when his conviction became final on **March 15, 2018,** or no later than **March 15, 2019.** The § 2255 motion was filed on **October 29, 2019,[2] more than eighteen months** after Movant's conviction became final, and more than six months after the one-year federal limitations expired. Thus, Movant is not entitled to statutory tolling of the limitations period and cannot rely on § 2255(f)(1) to establish the timeliness of this motion.

C. Equitable Tolling

Given the detailed procedural history described above, this federal habeas proceeding is due to be dismissed unless Movant can establish that equitable tolling of the statute of limitations is warranted. In his Motion, which mostly consists of nonsensical allegations that the District Court had no jurisdiction to convict him [Cv-DE 7, pp. 1-30], Movant also attaches documentation showing that USP Big Sandy, the institution where Movant is confined, was on lockdown for the month of October 2019. *Id.* at p. 31. Particularly, one of the documents shows that Movant's individual unit was on lockdown for twelve days in October, and on a "modified movement schedule" for five days. *Id.* at p. 33. The document also shows that the entire facility was on lockdown for one day in October. *Id.* Movant states that he included these documents "to show [his] reason for not being timely." *Id.* at p. 34. It appears that Movant is arguing that he is entitled

---

[2] As previously discussed, on May 14, 2019, Movant initially filed a motion for extension of time to file a § 2255 motion, which the Court recommended dismissing without prejudice because the Court lacked jurisdiction to consider such a motion in the absence of a pending § 2255 motion. The District Court adopted the Report and Recommendation and denied the motion without prejudice. [Cv-DE 5]. It does not appear that this motion tolled the federal statute of limitations. *See Duncan v. Walker*, 533 U.S. 167 (2001) (In the § 2254 context, a federal habeas petition is not an "application for State post-conviction or other collateral review" that would serve to toll the statute of limitations). However, even if the Court were to consider the date of the motion for extension of time, May 14, 2019, as the operative filing date, it was still filed nearly two months after the statute of limitations had already expired.

to equitable tolling because the prison where he was confined was on lockdown and that he was unable to access the law library during these time periods.

It is well established that a movant may be entitled to equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). *See also Diaz v. Sec'y, Fla. Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (characterizing equitable tolling standard as a two-part test, finding it is available where the petitioner establishes "both extraordinary circumstances and due diligence").

Extraordinary circumstances must be beyond a movant's control. *See Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Moreover, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). However, the diligence required for equitable tolling is "reasonable diligence not maximum feasible diligence." *Id.* (quotation omitted).

The law is clear, however, that transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances warranting equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation); *Sanchez v. United States*, 170 F. App'x 643 (11th Cir. 2006) (unpublished) (equitable tolling not appropriate during period of prison lockdown occasioned by preparation for impending hurricanes); *Dodd v. United States*, 365 F.3d 1273, 1282-

83 (11th Cir. 2004) (equitable tolling not appropriate during period of time the defendant was detained in Miami and did not have access to his papers).

Here, other than his own conclusory allegations, Movant fails to provide any evidence to suggest that the prison's lockdown during October 2019 prevented him from timely filing a § 2255 motion within the required time frame. In pertinent part, he fails to allege how his inability to access the law library and/or inability to obtain legal materials "thwarted his efforts to file a timely federal proceeding." *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that conclusory allegations regarding equitable tolling, without supporting evidence, do not warrant an evidentiary hearing).

Moreover, the evidentiary materials provided by the Movant only pertain to lockdowns that took place in the month of October 2019, after the statute of limitations had already expired. As previously discussed, Movant had until March 15, 2019, to file his motion to vacate. To the extent that he suggested in his motion for extension of time [Cv-DE 1] that he was transferred to various prisons immediately after his conviction, and that those prisons were also on lockdown, which resulted in him "miss[ing]" his filing deadline [*Id.* at p. 1] prior to the expiration of the statute of limitations, his claim is unpersuasive. Other than his barebones allegations, he provides no other support for his equitable tolling claim.[3] Accordingly, he has failed to meet his burden of showing that he is entitled to equitable tolling.

---

[3] Review of the criminal docket also reveals that Movant had access to the mail during his one-year limitations period. In pertinent part, he filed a motion requesting a copy of his docket sheet on August 15, 2018, but did not appear to follow up that request with any further pleadings. [Cr-DE 99].

7

D. <u>Fundamental Miscarriage of Justice-Actual Innocence</u>

If Petitioner intends to argue that he is entitled to review on the merits because of "actual innocence," it is now well settled that actual innocence may also serve to overcome the procedural bar caused by an untimely filing. The Supreme Court of the United States determined that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

"[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538. To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 327). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, "[a] court also may consider an untimely petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." *San Martin v. McNeil*, *supra*, citing *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

As applied here, Movant presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." He has also failed to suggest that such evidence exists so as to meet the stringent actual-innocence standard. *See House*, 547 U.S. at 521, 536-37. In other words, Movant has not presented sufficient evidence to undermine the Court's confidence in the

8

outcome of his criminal proceedings. *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-532 (11th Cir. 2009) (unpublished) (holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder).

Consequently, equitable tolling is not appropriate via the actual innocence exception. Under the totality of the circumstances present here, Movant's dilatory behavior cannot qualify him for the actual innocence exception in order to circumvent the procedural timeliness bar. Further, Movant has failed to demonstrate that he is entitled to statutory or equitable tolling of the federal limitations period. Thus, this § 2255 Motion should be dismissed as time-barred.

Finally, this Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised in habeas proceedings, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 935-36 (11th Cir. 1992) (involving a 28 U.S.C. § 2254 petition filed by a state prisoner); *see Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that *Clisby* applies to §2255 proceedings). However, nothing in *Clisby* requires, much less suggests, consideration of claims or arguments raised for the first time in objections. Therefore, to the extent Movant attempts to raise arguments or further factual support for statutory or equitable

tolling, the Court should exercise its discretion and refuse to consider the arguments not raised before the Court in the first instance.[4]

### IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, the District Judge should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the District Judge in his objections.

---

[4] Movant is cautioned that any attempt to provide evidence of due diligence in his objections to this Report and Recommendation may not be considered in the first instance by the district court. *See Starks v. United States*, No. 07-20588-CR, 2010 WL 4192875, at *3 (S.D. Fla. Oct. 19, 2010); *United States v. Cadieux*, 324 F. Supp. 2d 168 (D. Me. 2004). This is so because "[P]arties must take before the magistrate, 'not only their best shot but all of the shots.'" *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).

## V. Recommendations

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion to Vacate be **DISMISSED** as time-barred, that no certificate of appealability issue, that final judgment be entered, and that this case be closed.

## VI. Notice of Right to Object

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 31st day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

11